**Lydia SOSA, Appellant,**

v.

**George CARDENAS, Appellee.**

No. 04–97–00947–CV.

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Hugo Xavier De Los Santos, San Antonio, for appellant.

Humberto G. Garcia, Johnson, Curney, Garcia, Wise & Farmer, P.C., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This suit arose out of an auto accident. The case was tried before a jury, and a no negligence verdict was returned. Appellant, Lydia Sosa, appeals the trial court's take nothing judgment rendered in favor of Appellee, George Cardenas. In three issues on appeal Sosa complains (1) venire members who were biased were not disqualified for cause, (2) the evidence was factually insufficient to support the verdict, and (3) the trial court should have granted Sosa's motion for new trial because Cardenas failed to produce photographs that were in his possession and were the subject of a proper request for production. We affirm the judgment of the trial court.

### Voir Dire—Failure to Disqualify for Cause & Improper Restriction of Plaintiff's Questions

A. *Failure to Disqualify*

Sosa argues that the trial court erred by not disqualifying certain jurors for cause. In order to preserve this issue for appeal, a party must (1) make its objection before exercising its peremptory challenges; (2) apprise the trial court that, because it refused to strike certain prospective jurors for cause, the party was forced to use some of its peremptory challenges on them; and (3) show the court that other jurors who were "obnoxious" or "objectionable" would have been peremptorily challenged had the party not been forced to use its challenges on other jurors who should have been struck for cause. *See Sullemon v. United States Fidelity & Guaranty Company*, 734 S.W.2d 10, 13 (Tex.App.—Dallas 1987, no writ). The objecting party does not have to request additional peremptory challenges. *Id.*

■ Sosa had only six peremptory challenges to use. She listed eight prospective jurors by number that should have been struck for cause. Although she did not state which objectionable jurors she would be forced to leave on the jury panel after she used her peremptory strikes on other jurors, she did list a greater number of objectionable jurors than she had peremptory strikes to eliminate. Therefore, she has identified the objectionable or obnoxious jurors left on whom she would have used her peremptory strikes, and error has been preserved. *Id.* at 13–14.

Sosa complains that panel members number 4, 12, 16, 19, 21, 25, 27, 31, and 32 should have been disqualified because they answered affirmatively the question:

> Now, one of the elements we've talked about is going to be mental anguish. Some people just don't believe that people should be awarded damages for mental anguish. Everybody is entitled to their opinion, the law says you are. But in all truthfulness and honesty, if you don't believe in that, I'd ask you to raise your hand. Who here believes that you should not get mental anguish damages?

■ TEX.GOV'T.CODE ANN. § 62.105(4) (Vernon 1994) provides that a person is disqualified to serve as a petit juror in a particular case if he has a bias or prejudice in favor of or against a party in a case. The Texas Supreme Court has defined "prejudice" as "prejudgment" and, as such, "embraces bias." *Sullemon*, 734 S.W.2d at 14, quoting *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex.1963). Bias as a ground of disqualification requires an inclination toward one side of an issue rather than to the other to such an extent that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality. *Id.* Statutory disqualification based on bias or prejudice extends not only to the litigant personally, but to the subject matter of the litigation as well. *Compton*, 364 S.W.2d at 182.

■ Neither bias nor prejudice is presumed. Nor is either shown by general questions, which are usually insufficient to satisfy the diligence required in probing the mind of a venire member with respect to a legal disqualification for bias or prejudice. *See Gant v. Dumas Glass and Mirror, Inc.*, 935 S.W.2d 202, 208 (Tex.App.—Amarillo 1996, no writ). Rather, the key response that supports a successful challenge for cause is that the venire member cannot be fair and impartial because the venire member's feelings are so strong in favor of or against a party or against the subject matter of the litigation that the venire member's verdict will be based on those feelings and not on the evidence. *Id.*, citing Julie A. Wright, *Challenges for Cause due to Bias or Prejudice: The Blind Leading the Blind Down the Road of Disqualification*, 46 Baylor L.Rev. 825, 838 (1994).

■ When a juror is not found biased or prejudiced as a matter of law, whether the juror is nevertheless sufficiently biased or prejudiced to merit disqualification is a factual determination to be made by the court. *See Sullemon*, 734 S.W.2d at 15. Such a finding will not be disturbed in the absence of an abuse of discretion. *Id.* Whenever the evidence does not conclusively establish the panelist's disqualification as a matter of law, appellate courts must consider all the evidence in the light most favorable to the trial court's ruling. *Id.*

### 1. Juror Number 4

■ When juror number four was questioned individually about his ability to award mental anguish damages, he answered that he would have to hear the evidence. Juror number four was not disqualified as a matter of law. Further, because his answer supports the trial court's finding that he was not biased to the extent necessary to support disqualification, we affirm the trial court's overruling of Sosa's challenge of juror number 4 for cause.

### 2. Juror Number 16

When juror number sixteen was examined individually, her answers showed she was not disqualified, either as a matter of law or fact. When Sosa's counsel asked if she could render a "small award for a little bit of mental anguish and a big award for a lot of mental anguish," she answered "it depends on the circumstance that would show." (sic) When pressed further on this point, juror number sixteen continued to answer that "it would depend." Finally, she stated simply "I'd have to see the evidence."

### 3. Juror Number 17

 Juror number seventeen did not indicate he would not be able to award mental anguish damages if such an award was supported by the evidence. Sosa also objects to juror number seventeen because of alleged bias against chiropractors. Although juror number seventeen stated he didn't think chiropractors did much for anyone, when Sosa's counsel asked him if he had "any problem with a doctor allowing one of his patients to see a chiropractor while they were seeing her [the patient]," he answered, "if they referred her to him, no." Further, when juror number seventeen was examined individually, he agreed unequivocally that the plaintiff's case would "stand or fall based on the evidence presented."

### 4. Juror Number 21

Sosa contends that juror number twenty one was disqualified as a matter of law because she was biased against mental anguish damages and loss of earning capacity damages. Juror twenty one did answer several questions in a manner that indicated she was not in favor of large awards for mental anguish. However, Cardenas' counsel asked her whether her decision would depend on the evidence presented, and she answered yes. Juror twenty one was not disqualified as a matter of law, and there was evidence which, when viewed in the light most favorable to the trial court's ruling, supports the denial of Sosa's challenge to juror twenty one for cause.

### 5. Juror Number 27

 Sosa contends that juror number twenty seven was disqualified as a matter of law because he was biased against mental anguish damages, loss of earning capacity damages, and against Sosa in general because of media advertisements about lawsuit abuse. His answers are similar to the answers given by one of the jurors who was appropriately kept on the jury in *Sullemon*, who expressed doubt about his ability to award damages, but did not say that he would not be able to follow the instructions of the court. *Sullemon*, 734 S.W.2d at 15–16. Juror twenty seven stated it would be difficult for him to award mental anguish damages, but he would do it if instructed by the judge. His statements indicate he would follow the law and the court's charge. Further, his response (raising his hand) to a question about having "suspicions or doubts based on personal experiences or feelings about lawsuit abuse" was vague and is not sufficient to sustain a challenge for cause.

### 6. Juror Number 30

Sosa does not present us with any evidence or make any arguments regarding what juror number thirty did to warrant disqualification.

### 7. Juror Number 31 & Juror Number 32

 Neither juror number thirty one nor juror number thirty two were examined individually. They both raised their hands to the general question about mental anguish damages propounded to the entire panel. However, that response is not enough to establish that a juror is disqualified as a matter of law. Similarly, juror number thirty one's raising his hand when asked the general question whether anyone had any "suspicions or doubts based on personal experiences or lawsuit abuse?" does not establish that he was disqualified as a matter of law. Finally, juror number

thirty two's answer that he was familiar with United Chiropractic (where Sosa was treated) does not establish bias sufficient to disqualify him as a matter of law.

B. *Improper Restriction on Plaintiff's Voir Dire*

█ Sosa complains that the trial court improperly restricted her right to ask questions of one potential juror on direct examination. In addition, Sosa argues that the trial court's restrictions served to discredit her attorney in the eyes of the jury. However, Sosa's counsel failed to object, make a bill of exception, or otherwise indicate in any way that he disagreed with the court's direction. Thus, any error was waived. *See* Tex R.App.P. 33; *Babcock v. Northwest Memorial Hospital* 767 S.W.2d 705, 707 (Tex.1989). Further, counsel's question referred to a question of law and was not designed to elicit evidence of bias or prejudice on the part of the prospective jurors. We find nothing in the record to indicate the trial court's conduct irreparably discredited Sosa's counsel in the eyes of the jury.

### Factual Sufficiency

█ Sosa complains that the evidence offered at trial was factually insufficient to support the jury's verdict. In reviewing factual sufficiency of the evidence, we examine all the evidence and set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). When a jury is given conflicting evidence, it may choose to believe one witness and disbelieve others. *McGalliard v.. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). We cannot substitute our opinion for that of the trier of fact. *Glockzin v. Rhea,* 760 S.W.2d 665, 666 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

Evidence presented by a third party, Mr. Pina, supports the jury's verdict of no negligence. Mr. Pina testified Ms. Sosa ran a red light and she appeared to be having an argument with her passenger immediately prior to the collision. There was also some evidence showing both parties violated traffic laws. The evidence on negligence was conflicting, and the jury could choose to believe or disbelieve any of that evidence. Because the jury's verdict is not against the great weight and preponderance of the evidence, we overrule Sosa's second point of error.

### Failure to Produce Photographs

█ Sosa complains that Cardenas failed to produce original color photographs of Sosa's car that were in Cardenas' possession and were the subject of a proper request for production. In a hearing on Sosa's motion for new trial held on October 15, 1997, a factual dispute developed regarding who had possession of the original color photographs of Sosa's vehicle. Cardenas claims he had only photocopies in his insurance carrier's file, which he believed had been obtained from Sosa's carrier. Sosa claims the photocopies she received from Cardenas do not match the photos in her carrier's file, therefore she believed Cardenas' carrier must have originals that had not been produced. Because Cardenas' carrier was not present, the trial court reset the question of the photographs for hearing the following Monday. According to the order denying the motion for new trial, a second hearing was held on October 20, 1997. However, the transcript of that second hearing, if it exists, has not been provided to this court. Hence, Sosa has failed to preserve this issue for review. We overrule Sosa's third issue.

### Conclusion

Because we overrule all of Sosa's issues, the judgment of the trial court is affirmed.