Roberto Alonzo **RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00497–CR.**

Court of Appeals of Texas, San Antonio.

July 10, 2002.

Philip Meyer, The Meyer Law Firm, P.C., San Antonio, for appellant.

Susan D. Reed, Criminal District Attorney, Michael P. Miklas, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

This appeal arises from Roberto Alonzo Ramirez's ("defendant") conviction of driving while intoxicated, for which he was sentenced to four months' confinement; defendant's sentence was subsequently probated to two years of community supervision. In his sole issue on appeal, defendant asserts the trial court erred when it denied his challenge for cause of a veniremember, Belinda Hilario. We hold that defendant failed to preserve error; moreover, even if defendant had properly preserved his complaint for review, his claim is without merit. Accordingly, we affirm the trial court's judgment.

## DISCUSSION

Defendant asserts the trial court erred when it refused to strike Belinda Hilario for cause, thereby forcing him to use a peremptory challenge to eliminate her from the panel. Defendant claims he exhausted his peremptory challenges on Hilario and on two other veniremembers; therefore, he had no peremptory strikes left to strike another objectionable venireperson, Virgina Kono. Defendant insists that his complaint is properly preserved for our review because he established the elements for preservation set out in *Sosa v. Cardenas*, 20 S.W.3d 8, 10 (Tex.App.-San Antonio 2000, no pet.).

In *Sosa*, a panel of this court held that to preserve error from a trial court's failure to disqualify a juror for cause, a party must (1) object before exercising its peremptory challenges; (2) inform the trial court that, because it refused to strike certain prospective jurors for cause, the party was forced to use peremptory challenges on those jurors; and (3) show the court that other jurors who were objectionable would have been peremptorily challenged had the party not been forced to exhaust its challenges on other jurors who should have been struck for cause. *Id.* Under these circumstances, the objecting party need not request additional peremptory challenges. *Id.*

▇▇▇ However, *Sosa* was a civil case, and the Court of Criminal Appeals has established a more onerous requirement to preserve the same complaint in a criminal case: (1) a defendant must demonstrate that he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venireperson; (3) all of his peremptory challenges were exhausted; (4) his request for additional strikes was denied; (5) and an objectionable juror sat on the jury. *See Mathis v. State*, 67 S.W.3d 918, 922 (Tex.Crim.

App.2002); *Hathorn v. State*, 848 S.W.2d 101, 110 (Tex.Crim.App.1992); *Jacobs v. State*, 787 S.W.2d 397, 405 (Tex.Crim.App. 1990). Here, the defendant did not preserve the alleged error because, after he exhausted his peremptory strikes to remove Hilario and two other venirepersons from the panel, he did not request additional peremptory strikes as a remedy.

▇▇▇ Even if defendant had preserved error, we believe his complaint is without merit. A trial court has discretion in ruling on challenges for cause, and its rulings will not be upset on appeal absent an abuse of that discretion. *Banda v. State*, 890 S.W.2d 42, 53 (Tex.Crim.App.1994). We examine the record as a whole to determine whether there is support for the trial court's rulings, and, in doing so, we must give deference to the trial court, which was in a position to actually see and hear the venireperson. *Id.* at 53–54. If a venireperson vacillated or equivocated with respect to her ability to follow the law, we must defer to the trial court's judgment. *Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim.App.1996). If a venireperson ultimately states that she can follow the court's instructions and render a verdict according to the evidence, that venireperson is *not* challengeable for cause, even if she originally equivocated on her answers. *Id.*

▇▇▇ During voir dire, Hilario said her belief that someone should not drive if they have had something to drink would influence her deliberations in the case, "To a point. But then it also depends on what happened." She also said she would be influenced in this case and would not be a fair juror "a little." However, when asked whether she could be fair if the State introduced evidence that defendant drank before he drove, on the night in question, and if she would expect the State to prove

beyond a reasonable doubt that defendant had lost the normal use of his mental and physical faculties as a result of consuming alcohol, she responded, "Yes."

We conclude the trial court did not abuse its discretion in denying defendant's challenge for cause. Although Hilario vacillated in some of her responses, she indicated she would follow the law. In such a situation, we defer to the trial court's informed judgment on the matter.

### CONCLUSION

We overrule defendant's sole issue on appeal, and affirm the trial court's judgment.