BRODINE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-182-CR

DANIEL LEE BRODINE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Daniel Lee Brodine was convicted by a jury of sexual assault of a child and indecency with a child by contact.  Based on the jury’s verdict, the trial court sentenced him to twelve years’ confinement on the sexual assault conviction and four years’ confinement on the indecency conviction.  We affirm.

On November 11, 2000, the complainant, who was then fourteen years old, spent the night with her friend, appellant’s daughter, at appellant’s apartment.  That night, the complainant drank approximately six to seven alcoholic beverages provided by appellant, then became sick and lay down in bed next to appellant’s daughter.  Appellant lay down next to the complainant with a bucket.  The complainant testified that she must have passed out or fallen asleep and that when she woke up, appellant’s hand was down her pants and he was “fingering” her.

In his first point, appellant contends the trial court committed reversible error by refusing to allow appellant to ask five prospective jurors about their ability to consider community supervision if appellant were convicted of sexual assault of a child and subsequently denying his challenge for cause to each of the five jurors.
(footnote: 2)  In order to preserve this issue for our review, appellant was required to exhaust all of his peremptory challenges, request more challenges, and have the request denied.  
Mathis v. State
, 67 S.W.3d 918, 922 (Tex. Crim. App. 2002).  Appellant has not referenced, nor can we find, any evidence in the record that appellant requested more peremptory challenges and that the request was denied.  
See Ramirez v. State
, 87 S.W.3d 703, 705 (Tex. App.—San Antonio 2002, no pet.).  Thus, we overrule appellant’s first point.

In his second point, appellant contends that he was denied his federal and state constitutional rights to confront and cross-examine witnesses when the trial court refused to allow him to cross-examine the complainant about prior inconsistent statements she made about her previous alcohol consumption.  Appellant did not object on constitutional grounds to the trial court’s limitation of his cross-examination.  Thus, appellant failed to preserve error on this issue.  
See
 
Tex. R. App. P.
 33.1(a); 
Waggoner v. State
, 897 S.W.2d 510, 511 (Tex. App.—Austin 1995, no pet.). 

In his third point, appellant argues that the trial court abused its discretion in excluding evidence about the complainant’s mental condition at the time of the alleged offense.  Specifically, appellant requested that a psychologist who had treated complainant be allowed to testify that she was suffering from depression at the time of the offense, which could have affected her ability to recall events.  While the psychologist did testify on voir dire that the combination of the complainant’s drinking and depression could have affected her ability to recall events, he also testified that:

people, even when they’re drunk, can recall certain events, especially if they come to consciousness, and . . . those events can have some distortion in them, but I think . . . some people can have this awakening experience.  In other words, I have seen some people who were dead drunk and then when some emergency [came] along or some . . . threat to them, snap into a state of awareness and consciousness that allows them to function fairly well.

He further testified that the complainant “was very clear when she came to my office . . . about what had happened[,] and . . . it was clear[,] and it was descriptive[,] and it had details[,] and so her veracity I accepted[;] and I’ve psychologically tested her[,] and her veracity on the test is also verified.”  Based on the foregoing, we cannot conclude that the trial court abused its discretion in excluding the evidence.  
See
 Tex. R. Evid.
 401, 402;
 Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998); 
Montgomery v. State
, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant complains that the trial court did not allow him to ask each of the five jurors this question when the trial court called them individually for further questioning before the bench.  However, the trial court had previously allowed appellant to ask each of the five jurors the same question as part of his questioning of the entire venire panel.