COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-182-CR
 

  
DANIEL LEE BRODINE                                                            APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 371ST 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Daniel Lee Brodine was convicted by a jury of sexual assault of a child and 
indecency with a child by contact. Based on the jury’s verdict, the trial 
court sentenced him to twelve years’ confinement on the sexual assault 
conviction and four years’ confinement on the indecency conviction. We affirm.
        On 
November 11, 2000, the complainant, who was then fourteen years old, spent the 
night with her friend, appellant’s daughter, at appellant’s apartment. That 
night, the complainant drank approximately six to seven alcoholic beverages 
provided by appellant, then became sick and lay down in bed next to 
appellant’s daughter. Appellant lay down next to the complainant with a 
bucket. The complainant testified that she must have passed out or fallen asleep 
and that when she woke up, appellant’s hand was down her pants and he was 
“fingering” her.
        In 
his first point, appellant contends the trial court committed reversible error 
by refusing to allow appellant to ask five prospective jurors about their 
ability to consider community supervision if appellant were convicted of sexual 
assault of a child and subsequently denying his challenge for cause to each of 
the five jurors.[2]  In order to preserve this 
issue for our review, appellant was required to exhaust all of his peremptory 
challenges, request more challenges, and have the request denied. Mathis v. 
State, 67 S.W.3d 918, 922 (Tex. Crim. App. 2002). Appellant has not 
referenced, nor can we find, any evidence in the record that appellant requested 
more peremptory challenges and that the request was denied. See Ramirez v. 
State, 87 S.W.3d 703, 705 (Tex. App.—San Antonio 2002, no pet.). Thus, we 
overrule appellant’s first point.
        In 
his second point, appellant contends that he was denied his federal and state 
constitutional rights to confront and cross-examine witnesses when the trial 
court refused to allow him to cross-examine the complainant about prior 
inconsistent statements she made about her previous alcohol consumption. 
Appellant did not object on constitutional grounds to the trial court’s 
limitation of his cross-examination. Thus, appellant failed to preserve error on 
this issue. See Tex. R. App. P. 33.1(a); Waggoner v. State, 897 
S.W.2d 510, 511 (Tex. App.—Austin 1995, no pet.).
        In 
his third point, appellant argues that the trial court abused its discretion in 
excluding evidence about the complainant’s mental condition at the time of the 
alleged offense. Specifically, appellant requested that a psychologist who had 
treated complainant be allowed to testify that she was suffering from depression 
at the time of the offense, which could have affected her ability to recall 
events. While the psychologist did testify on voir dire that the combination of 
the complainant’s drinking and depression could have affected her ability to 
recall events, he also testified that:
  
people, even when they’re 
drunk, can recall certain events, especially if they come to consciousness, and 
. . . those events can have some distortion in them, but I think . . . some 
people can have this awakening experience. In other words, I have seen some 
people who were dead drunk and then when some emergency [came] along or some . . 
. threat to them, snap into a state of awareness and consciousness that allows 
them to function fairly well.
  
He further testified that the 
complainant “was very clear when she came to my office . . . about what had 
happened[,] and . . . it was clear[,] and it was descriptive[,] and it had 
details[,] and so her veracity I accepted[;] and I’ve psychologically tested 
her[,] and her veracity on the test is also verified.” Based on the foregoing, 
we cannot conclude that the trial court abused its discretion in excluding the 
evidence. See Tex. R. Evid. 401, 402; Angleton v. State, 
971 S.W.2d 65, 67 (Tex. Crim. App. 1998); Montgomery v. State, 810 S.W.2d 
372, 378-79 (Tex. Crim. App. 1990).
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.

  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
  
PANEL B:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: February 12, 2004

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Appellant complains that the trial court did not allow him to ask each of the 
five jurors this question when the trial court called them individually for 
further questioning before the bench. However, the trial court had previously 
allowed appellant to ask each of the five jurors the same question as part of 
his questioning of the entire venire panel.