In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-001 CV


____________________



RANDY D. GREER AND KEITH D. JOHNSON, Appellants



V.



SAMUEL SEALES, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CV-34932-02-01






MEMORANDUM OPINION



 Appellants Randy D. Greer and Keith D. Johnson sued appellee Samuel Seales,
alleging his negligent operation of a motor vehicle caused appellants' personal injuries and
property damage. (1) The jury found the accident was not proximately caused by the
negligence of either driver. Pursuant to the jury's verdict, the trial court entered a final
judgment in favor of Seales. Appellants filed this appeal, in which they raise four issues
for our consideration. We affirm.

Denial of Challenges for Cause


 In their first issue, appellants argue the trial court erred in failing to strike certain
potential jurors for cause. Appellants contend numerous members of the jury panel
expressed bias or prejudice against personal injury cases and awarding damages for pain
and suffering. 

 To preserve error on the overruling of challenges for cause, counsel must inform
the trial court that the party will exhaust all of his peremptory challenges, that counsel has
been forced to exhaust his peremptory challenges to exclude the juror to whom his
challenge for cause was overruled, and that specific objectionable jurors will remain. 
Hallett v. Houston Northwest Med. Ctr., 689 S.W.2d 888, 889-90 (Tex. 1985). Counsel
must so inform the court before exercising his peremptory challenges. Id. at 890. The
rationale behind the rule is that "[o]nce informed, the [trial] court is able to determine if
the party was in fact forced to take objectionable jurors." Id. 

 In this case, appellants moved to strike the following jurors for cause: 2, 3, 4, 5, 
7, 9, 11, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 33, and 38. The court struck jurors
7, 17, 20, and 38 for cause, but denied appellants' other challenges for cause. 

 Appellants complain of the denial of their challenges for cause of the seated jurors
2, 4, 5, 11, 14, 21, 22, 23, 26, and 27. (2) The record reveals appellants' counsel did not
challenge juror 14 for cause below. Therefore, nothing has been preserved for review as
to juror 14. See Tex. R. App. P. 33.1(a). Furthermore, after appellants' counsel made
his challenges for cause, he informed the court that the objectionable jurors who would
remain after his peremptory challenges were exhausted were jurors 26, 27, and 28. 
Appellants' counsel did not identify jurors 2, 4, 5, 11, 14, 21, 22, 23, and 24 as
objectionable veniremembers who would remain after he exercised his peremptory
challenges. Therefore, appellants did not preserve error as to these jurors. See id.;
Hallett, 689 S.W.2d at 889-90. 

 We now turn to the denial of appellants' challenges for cause of jurors 26, 27, and
28. A person is disqualified from serving on a jury if he has a bias or prejudice in favor
of or against a party to the lawsuit. Tex. Gov't Code Ann. § 62.105(4) (Vernon 2005). 
This statutory disqualification extends to bias or prejudice against the subject matter of the
suit as well as the litigants. Compton v. Henrie, 364 S.W.2d 179, 182 (Tex. 1963). Once
bias or prejudice is established as a matter of law, a potential juror is automatically
disqualified. Swap Shop v. Fortune, 365 S.W.2d 151, 154 (Tex. 1963); Compton, 364
S.W.2d at 182. However, if prejudice is not established as a matter of law, the trial court
makes a factual determination as to whether the veniremember is sufficiently prejudiced
to be disqualified. Swap Shop, 365 S.W.2d at 154. Because trial judges are present
during voir dire, they are "in a better position . . . to evaluate the juror's sincerity and his
capacity for fairness and impartiality." Cortez ex rel. Estate of Puentes v. HCCI-San
Antonio, Inc., 159 S.W.3d 87, 93 (Tex. 2005) (quoting Swap Shop, 365 S.W.2d at 154).
This factual determination is within the trial court's sound discretion, and we will not
overturn it absent a showing of abuse of discretion. Malone v. Foster, 977 S.W.2d 562,
564 (Tex. 1998); Sullemon v. U.S. Fidelity & Guar. Co., 734 S.W.2d 10, 14-15 (Tex.
App.--Dallas 1987, no writ). In reviewing the trial court's factual determination, we must
consider all of the evidence in the light most favorable to upholding the trial court's ruling. 
Gant v. Dumas Glass & Mirror, Inc., 935 S.W.2d 202, 207 (Tex. App.--Amarillo 1996,
no writ); Sullemon, 734 S.W.2d at 15.

 We first determine whether jurors 26, 27, and 28 were disqualified as a matter of
law. During voir dire, counsel for appellants asked juror 26 whether she agreed with
another veniremember who had opined that "you're going to hire a lawyer because you get
hit or whatever, all that is you trying to get money out of the insurance" and said he did
nothing when he had an accident which was caused by a defective steering mechanism on
his truck. Juror 26 simply responded, "Accidents happen." Counsel asked no further
questions of juror 26. Appellants' counsel did not question jurors 27 and 28 individually,
but jurors 27 and 28 raised their hands when appellants' counsel asked who agreed with
another veniremember's opinion that damages for pain and suffering should be limited. 


 For us to find that jurors 26, 27, and 28 were disqualified as a matter of law, the
record must conclusively show that their states of mind led to the natural inference that
they would not act with impartiality. See Compton, 364 S.W.2d at 182. "[T]he key
response that supports a successful challenge for cause is that the veniremember cannot be
fair and impartial, because the veniremember's feelings are so strong in favor of or against
a party or against the subject matter of the litigation that the veniremember's verdict will
be based upon those feelings and not on the evidence." Gant, 935 S.W.2d at 208. On this
record, we cannot find that jurors 26, 27, and 28 were disqualified as a matter of law. See
Compton, 364 S.W.2d at 182; Gant, 935 S.W.2d at 208; see also Sosa v. Cardenas, 20
S.W.3d 8, 12 (Tex. App.--San Antonio 2000, no pet.) (Venireperson's raising his hand
in response to question was vague and insufficient to sustain a challenge for cause.). The
trial court acted within its discretion in determining that these jurors could serve on the
jury and denying appellants' motions to strike them for cause. See Swap Shop, 365
S.W.2d at 154. Appellants' first issue is overruled.



Factual Sufficiency of the Evidence


 In their fourth issue, appellants contend the jury's verdict was against the great
weight and preponderance of the evidence. When a party attacks the factual sufficiency
of the evidence supporting an adverse finding on which he had the burden of proof, he
must demonstrate that the adverse finding is against the great weight and preponderance
of the evidence. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Croucher
v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing a challenge to the factual
sufficiency of the evidence, we must examine the record to determine if there is some
evidence to support the finding. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We
then determine, in light of the entire record, whether the finding is so contrary to the
overwhelming weight and preponderance of the evidence as to be clearly wrong and
manifestly unjust, or whether the great preponderance of the evidence supports its
nonexistence. Id.; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 665 (1952). The
jury, as the finder of fact, is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547,
549 (1962). The jury is free to believe one witness and disbelieve another, and to resolve
inconsistencies in the testimony. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex.
1986).

 Appellant Randy Greer testified he and his cousin, appellant Keith Johnson, were
traveling in foggy weather during the morning hours when the accident occurred. After
they "got up over" a hill, they saw some deer, so Greer removed his foot from the
accelerator, slowing his vehicle to thirty-five to forty-five miles per hour. Greer testified
he then heard a loud noise from behind when his vehicle was struck. Greer denied being
aware that anyone was traveling behind him. As Greer grabbed the steering wheel to keep
his vehicle from leaving the road, he heard Johnson screaming. After stopping his vehicle,
Greer got out of the car and spoke to Seales, who said, "I'm sorry. I'm sorry." Because
the passenger seat broke and slammed into the dashboard, Johnson was unable to get out
of the car until emergency personnel removed him. Emergency personnel placed Johnson
on a board and took him to the hospital by ambulance. 

 Johnson testified that the weather was "a little" foggy on the day of the accident. 
According to Johnson, as he and Greer approached a hill, they saw two deer. Johnson
testified Greer "hesitated," and their vehicle was struck. Johnson's seat was jammed
against the dashboard, and he was unable to get out of the car until emergency personnel
arrived. Johnson testified he was taken to the hospital for treatment. 

 Seales testified that when the accident occurred, he was driving a seventeen-foot
moving truck he had rented from U-Haul. Seales testified he wears glasses, but he was
not wearing them when the accident occurred because he only wears them at night. 
According to Seales, he was traveling on a two-lane road with a very small grass shoulder. 
Seales knew deer were frequently on the road and he needed to watch out for them. 

 When Seales reached the top of a hill, the sun blinded him, so he raised his hands
to block the sun and removed his foot from the gas. Seales testified, "And then as I was
coming down, I seen something. . . . I jammed my brakes, and I slid into them, slid. 
Tried to miss them, but I hit them." Seales did not know exactly how fast he was
traveling, but he stated, "I wasn't paying attention how fast I was going. I don't think I
was going that fast." Seales testified he was "pretty sure" he was traveling the speed
limit. Seales denied following Greer's vehicle too closely, and he testified, "the sun hit
me and I couldn't see nobody. I didn't see that car. By the time I seen that car, it was too
late." Seales denied seeing the taillights of Greer's vehicle. Seales testified he tried to
avoid the accident, but he was unable to do so. Seales stated he could not pull over to the
shoulder because he could not see. Seales testified, "If I could have pulled over, I would
have. The sun was hitting me dead in the eyes, and - and I couldn't see nothing. I was
just blind for a few minutes."

 After the accident, Seales got out of the truck, met Greer, and asked Greer if he was
all right. Seales testified that Johnson was still in the front of the car. When the police
and the ambulance arrived, Seales heard Johnson voicing pain. When asked whether he
ever told anyone the accident was his fault, Seales testified, "I hit him. I assume it was
my fault."

 Having reviewed the evidence which supports and which is contrary to the jury's
finding, we are to set aside the finding only if the evidence that supports the jury finding
is so weak as to be clearly wrong and manifestly unjust. Cain, 709 S.W.2d at 176. The
jury was free to believe Seales's testimony that he was blinded by the sun and could not
have avoided the accident. See Leyva, 358 S.W.2d at 549; McGalliard, 722 S.W.2d at
697. The evidence is factually sufficient to support the jury's verdict. Issue four is
overruled. 

Instruction on Unavoidable Accident


 In their second issue, appellants argue the trial court erred by submitting an
instruction on unavoidable accident. (3) Appellants contend instructions on unavoidable
accident have fallen into disfavor due to the risk that the jury will be misled by the
perception that the instruction is a separate issue distinct from general principles of
negligence. See Reinhart v. Young, 906 S.W.2d 471, 472 (Tex. 1995); Hill v. Winn Dixie
Texas, Inc., 849 S.W.2d 802, 803 (Tex. 1992). Appellants also argue the issue of
unavoidable accident was not raised by the evidence, and the submission of the instruction
probably caused the rendition of an improper judgment. Appellants further assert that the
existence of sunlight during the day is not a sufficiently peculiar or unforeseeable
occurrence to justify the inclusion of an "unavoidable accident" instruction. Lastly,
appellants contend the instruction is improper because there was evidence of negligence
of a party to the event.

 The court must submit as part of its charge "such instructions and definitions as
shall be proper to enable the jury to render a verdict." Tex. R. Civ. P. 277. For an
instruction to be proper, it must assist the jury, accurately state the law, and be supported
by the pleadings and the evidence. Texas Workers' Comp. Ins. Fund v. Mandlbauer, 34
S.W.3d 909, 912 (Tex. 2000). The trial court has great discretion to determine what
instructions are necessary and proper, and no abuse of discretion is shown unless
submission of the instruction probably caused the rendition of an improper judgment. 
Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex. 1998); Tex. R. App. P.
44.1(a).

 An unavoidable accident is "an event not proximately caused by the negligence of
any party to it." Dallas Ry. & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379,
385 (1952) (opinion on rehearing); Clark v. Cotten, 573 S.W.2d 886, 888 (Tex. Civ.
App.--Beaumont 1978, writ ref'd n.r.e.). The sole purpose of the "unavoidable accident"
instruction is to insure the jury will understand that "they do not necessarily have to find
that one or the other parties to the suit was to blame for the occurrence complained of." 
Yarborough v. Berner, 467 S.W.2d 188, 192 (Tex. 1971). The instruction is usually used
to inquire about the causal effect of some physical condition or circumstance such as fog,
snow, sleet, wet or slick pavement, or obstruction of view, or when the case involves a
very young child who is legally incapable of negligence. Hill, 849 S.W.2d at 803. 
However, the Supreme Court has recently held that the language of the instruction is not
so limited. (4) See Dillard v. Texas Elec. Co-op., 157 S.W.3d 429, 433 (Tex. 2005);
Comm. On Pattern Jury Charges, State Bar of Texas, Texas Pattern Jury
Charges - General Negligence & Intentional Personal Torts, PJC 3.4 (2003). 
Rather, "[t]he instruction merely informs the jury that it may consider causes of the
occurrence other than the negligence of the parties." Dillard, 157 S.W.3d at 433. 

 Seales consistently testified that he was blinded by sunlight when the accident
occurred. Seales also testified that he tried to avoid the accident but was unable to do so. 
In addition, Seales had pled unavoidable accident prior to trial. Therefore, both the
pleadings and the evidence supported the inclusion of an instruction on unavoidable
accident. See Mandlbauer, 34 S.W.3d at 912. Furthermore, in a case decided before
Tex. R. Civ. P. 277 was amended to mandate broad-form submission whenever feasible,
one of our sister courts of appeals found that the jury's finding of unavoidable accident was
supported by evidence that the defendant driver was blinded by sunlight. Lofland v.
Jackson, 237 S.W.2d 785, 787-91 (Tex. Civ. App.--Amarillo 1950, writ ref'd n.r.e.);
Tex. R. Civ. P. 277. Issue two is overruled.

Time Permitted for Voir Dire


 In issue three, appellants argue the trial court erred in failing to allow them
additional time for voir dire. Generally, the scope of voir dire examination rests within
the sound discretion of the trial court. Babcock v. Northwest Mem'l Hosp., 767 S.W.2d
705, 709 (Tex. 1989). The trial court has the right to reasonably limit the time permitted
for voir dire. McCarter v. State, 837 S.W.2d 117, 119 (Tex. Crim. App. 1992). The trial
court abuses its discretion when its denial of the right to ask proper questions on voir dire
examination prevents a party from determining whether grounds exist to challenge for
cause or denies a party intelligent use of his peremptory challenges. Babcock, 767 S.W.2d
at 709. Appellants must demonstrate that the trial court abused its discretion and the error
was calculated to cause and probably did cause the rendition of an improper judgment. See
id.; Tex. R. App. P. 44.1. Three factors are relevant in reviewing whether the trial court
abused its discretion: (1) whether a party's voir dire examination reveals an attempt to
prolong the voir dire; (2) whether the questions that the party was not permitted to ask
were proper voir dire questions; and (3) whether the party was precluded from examining
veniremembers who served on the jury. McCarter, 837 S.W.2d at 119; McCoy v. Wal-Mart Stores, Inc., 59 S.W.3d 793, 797 (Tex. App.--Texarkana 2001, no pet.). 

 To preserve error when the trial court limits the time for voir dire, the objecting
party must identify the specific questions it was not allowed to ask. Godine v. State, 874
S.W.2d 197, 200-01 (Tex. App.--Houston [14th Dist.] 1994, no pet.). Identifying general
topics for questions is insufficient. S.D.G. v. State, 936 S.W.2d 371, 380 (Tex. App.--Houston [14th Dist.] 1996, writ denied); Godine, 874 S.W.2d at 200-01.

 At the conclusion of the voir dire, appellants' counsel made the following objection
to the time limitations placed upon his voir dire:

 Your Honor, prior to making my challenges for cause, I'd like to
make a record on not having sufficient time for voir dire. . . . I think the
case law requires me to tell the Court what issues I have not had a chance to
voir dire on and why. I'd like to make a record on that to protect my
record. . . . We are requesting more time for voir dire. Because of the
answers from this panel, we have not had sufficient time to voir dire the
jury. The jury panel had a great deal of folks who identified particular bias
and mind sets that would normally exclude them, including pain and
suffering, prior accidents, a great deal of things that we worked as fast as we
could to identify those folks.


 As the Court is aware and, in my experience, the most efficient way
to do that is identify those with a particular bias and mind set and then ask
the excluding question that would exclude them and then see how many
others agree to that. That took up a great deal of time with regard to pain
and suffering. As a result of that, of no fault of Plaintiff, I was not able to
voir dire the jury on many, many serious issues, including frivolous
lawsuits, chiropractic care, burden of proof, pre-existing injury - all of
which are issues in this case. 


 As far as chiropractic, burden of proof, and pre-existing injuries, all
of which are serious issues in this case, several different venirem[e]n . . .
espoused an opinion about frivolous lawsuits that would make them biased. 
I did not, because of time constraints and not having enough time, have
enough time to expound on that and see if there were other venirem[e]n that
have problems with frivolous lawsuits. . . . I am requesting more time to
voir dire the jury on those issues and others. . . . 


The trial court overruled the objection. Counsel's objection failed to identify to the trial
court specific questions he was not permitted to ask. See Godine, 874 S.W.2d at 200-01. 
Rather, counsel merely identified general areas of inquiry he desired to pursue. See
S.D.G., 936 S.W.2d at 380; Godine, 874 S.W.2d at 200. Therefore, this issue was not
preserved for review. See S.D.G., 936 S.W.2d at 380; Godine, 874 S.W.2d at 200-01.
Tex. R. App. P. 33.1(a). Issue three is overruled. The judgment of the trial court is
affirmed.

 AFFIRMED. 


 

 STEVE McKEITHEN

 Chief Justice



Submitted on January 2, 2006

Opinion Delivered February 23, 2006 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Home State County Mutual Insurance Company, which intervened in the suit
seeking recovery of funds paid to Greer in settlement of his property damage claim, is not
a party to this appeal.
2. The other members of the seated jury were jurors 8, 16, and 18. 
3. Appellants preserved error by objecting to the instruction at the charge conference. 
See Tex. R. Civ. P. 274; Tex. R. App. P. 33.1(a); State Dep't of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). 
4. The instruction given in this case was a verbatim recitation of that contained in the
Pattern Jury Charges. See Comm. On Pattern Jury Charges, State Bar of Texas,
Texas Pattern Jury Charges - General Negligence & Intentional Personal
Torts, PJC 3.4 (2003).