Opinion issued April 5, 2012.



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00506-CV

_____

**SIMI, INC., ARKI, INC., AND FRIXOS HRISINIS D/B/A MYKONOS ISLAND RESTAURANT, Appellant**

**V.**

**HEB GROCERY COMPANY, L.L.P., Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 1054772**

---

## MEMORANDUM OPINION

In this commercial lease case, we examine whether the parties' earlier settlement and mutual release of claims precludes recovery by the tenant. The trial court concluded that it does, and granted summary judgment to the landlord. Simi

Inc., Arki, Inc., and Frixos Hrisinis d/b/a Mykonos Island Restaurant (collectively, "Mykonos"), the tenant, appeals the judgment in favor of HEB Grocery Company, L.L.P, the landlord. We hold that the parties' release bars the claims Mykonos asserts, and therefore affirm.

## Background

In 2000, Mykonos entered a commercial lease agreement with Shepherd Plaza Associates, L.P. for the purpose of operating a Greek restaurant. Shepherd Plaza assigned its interest in the lease to HEB in 2005.

Immediately after moving into the building, Mykonos noticed water leaks, which continued throughout Mykonos's tenancy. Mykonos also complained of a foul odor in the building. Mykonos notified HEB of both problems in 2005.

In March 2006, HEB sued Mykonos for breach of contract and sought its eviction, alleging that Mykonos had defaulted under the terms of the lease by habitually failing to timely pay rent. Mykonos denied the allegations and counterclaimed for breach of contract, nuisance, and interference with Mykonos's property rights (the 2006 lawsuit). That June, Mykonos again wrote HEB to complain of roof leaks and a bad odor. Mykonos renewed its concerns about water damage to the leased premises and HEB's failure to address the leaks.

At the time it renewed its complaints, Mykonos was also negotiating a settlement agreement to resolve the 2006 lawsuit against it for breach of contract.

2

E-mails reveal that Mykonos complained of the water leaks to HEB during the settlement negotiations. One e-mail asks counsel for HEB: "Where do we stand on the settlement papers[?] [On] another related issue, Mykonos has been complaining . . . that the roof is leaking into the restaurant . . . [d]espite . . . many calls to notify the landlord, nothing has been done to address the matter."

The parties settled the lawsuit in September 2006, executing a Mutual Release and Settlement Agreement. The settlement agreement contains the following recital and release:

> WHEREAS, the Parties desire to compromise and settle all claims that have been or could have been asserted in the Lawsuit and/or Eviction Lawsuit by either of the Parties or in any other lawsuit arising out of, or relating to, the Lease, the Premises, or any fact made the basis of the Lawsuit and/or Eviction Lawsuit, whether known or unknown . . . Mykonos, and its representatives . . . hereby release, acquit, forever discharge and hold harmless HEB . . . from any and all debts, claims, demands, damages, causes of action, . . . of every nature whatsoever, known or unknown, asserted or unasserted, . . . in contract or in tort, . . . which may in any way relate to or arise, directly or indirectly, from any fact made the basis of the Lawsuit, the Eviction Lawsuit, the Lease, the Premises or the relationship between the Parties, together with their successors in interest, through the date this document is executed. . . . This release does not include any claim for breach of this Agreement and/or the Lease from this date forward.

In 2007, Mykonos again sued HEB for breach of the lease agreement, based on water damage to the premises (the 2007 lawsuit). HEB moved for summary judgment, which the trial court granted. The trial court dismissed the remaining claims—HEB's counterclaims and its claims against a third-party defendant—for

3

want of prosecution.  In 2007, HEB replaced the roof of the leased premises.  The lease terminated in August 2007.

Mykonos brought this third lawsuit against HEB in 2010.  Mykonos's pleading is nearly identical to the 2007 lawsuit:  Mykonos asserts the same claims, but has added two corporate entities as plaintiffs.   Mykonos's petition alleges that it notified HEB of water leaks in June 2006, that the leaks continued unabated through 2007, and that HEB failed to repair the leaks as required under the lease.

HEB again moved for summary judgment, asserting release as a ground for its motion.  As summary judgment evidence, HEB adduced the following relevant materials:

- A red-lined comparison of the 2007 and 2010 lawsuits;
- The June 2009 order granting summary judgment in favor of HEB;
- Mykonos's second amended original petition from the 2007 lawsuit;
- Mykonos's original petition from the 2010 lawsuit;
- Excerpts from deposition of Frixos Hrisinis;
- A redacted copy of the "Confidential Release and Settlement Agreement";
- A copy of the "Reinstatement and First Amendment to Shopping Center Lease";
- Excerpts from deposition of Michael Shebay;
- Letters between counsel; and
- An affidavit of Christopher Dodson, counsel to HEB.

Mykonos objected to this evidence as inadmissible hearsay, but the trial court overruled the objection.

4

## Discussion

Mykonos contends that the trial court erred in overruling its objections to HEB's summary judgment evidence and in granting summary judgment.

## I.    *Evidentiary Challenges*

As a preliminary matter, Mykonos challenges HEB's summary judgment evidence as hearsay. We review a trial court's decision to admit or exclude summary judgment evidence for an abuse of discretion. *Martinez v. Hays Constr., Inc.*, 355 S.W.3d 170, 178 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1); *Wal–Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 723 (Tex. 2003); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). As we resolve the appeal based on the affirmative defense of release, we address Mykonos's objections to the summary judgment evidence that pertains to that defense: the Release and Settlement Agreement, the deposition of Frixos Hrisinis, e-mail correspondence from Mykonos's counsel, and the pleadings. *See* TEX. R. APP. P. 44.1(a)(1).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). An admission by a party opponent is not hearsay. TEX. R. EVID. 801(e)(2).

The deposition testimony of Frixos Hrisinis is not hearsay, because it is an admission by a party opponent. TEX. R. EVID. 801(e)(2). Mykonos also objected to its 2010 pleading as hearsay. However, pleadings on file introduced by the non-movant are proper summary judgment evidence. *See* TEX. R. CIV. P. 166a(c); *see also* TEX. R. EVID. 801(e)(2). Thus, the trial court properly considered the deposition and Mykonos's pleadings over Mykonos's hearsay objection. We need not reach Mykonos's hearsay objection to the Mutual Release and Settlement Agreement, because Mykonos attached the Mutual Release and Settlement Agreement to its response to HEB's motion, and, therefore, waived any objection to it. *See* TEX. R. APP. P. 33.1.

Finally, we note that Mykonos did not object to the e-mail correspondence at trial and has not challenged the e-mails on appeal. As a result, Mykonos has not preserved any objection to these exhibits for appellate review. *See* TEX. R. APP. P. 33.1.

*II.    Summary Judgment*

*A. Standard of Review*

An appellate court reviews de novo a trial court's ruling on a summary judgment motion. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary judgment on an affirmative defense must prove each element of its defense as a matter of law, leaving no issues of material fact. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 n.10 (Tex. 2005). The movant must show that reasonable minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

We review the evidence in a light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). When, as here, a trial court's order granting summary judgment does not specify the grounds relied upon, we affirm the summary judgment if any of the summary judgment grounds is meritorious. *FM*

7

*Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000); *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

## B. Release of Claims

A plea of release is an affirmative defense. *See* Tex. R. Civ. P. 94. A release is a written agreement that discharges a duty or obligation owed to one party to the release. *Henry v. Masson*, 333 S.W.3d 825, 843–44 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A release of a claim or cause of action extinguishes the claim or cause of action. *Id.* (citing *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993)).

A release is a contract, subject to the rules of contract interpretation. *Henry*, 333 S.W.3d at 844; *see also Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 178 (Tex. 1997); *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). When construing a contract, we give effect to the intentions of the parties as expressed in the written instrument. *Henry*, 333 S.W.3d at 844 (citing *Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996); *Doe v. Tex. Ass'n of Sch. Bds., Inc.*, 283 S.W.3d 451, 458 (Tex. App.—Fort Worth 2009, pet. denied) *and Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)). We read the contract as a whole, examining the entire contract "in an effort to harmonize and give effect to all of its

8

provisions so that none are rendered meaningless and no single provision controls." *Id.*

To effectively release a claim, the releasing instrument must include the claim to be released. *Id.*; *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991). Claims not within the subject matter of the release are not discharged, even if they exist when the release is executed. *Brady*, 811 S.W.2d at 938. But the parties need not anticipate and identify every potential cause of action relating to the subject matter of the release. *Keck, Mahin & Cate v. Nat'l. Union Fire Ins. Co.*, 20 S.W.3d 692, 698 (Tex. 2000); *Baty*, 63 S.W.3d at 848. A valid release may encompass unknown claims and future damages. *Keck*, 20 S.W.3d at 698; *Baty*, 63 S.W.3d at 848.

By its plain meaning, the Mutual Release and Settlement Agreement releases HEB from "any and all . . . claims . . . known or unknown, asserted or unasserted . . . aris[ing] directly or indirectly, from any fact that made the basis of [the lawsuit], the Lease, the Premises or the relationship between the Parties." HEB produced summary judgment evidence that Mykonos's claims in this lawsuit are based on facts that pre-date and concern the release of the 2006 lawsuit. During settlement negotiations in 2006, Mykonos complained of water leaks and HEB's failure to repair the leaks. These were the same problems that Mykonos had raised to HEB in 2005, immediately after HEB assumed Shepherd Plaza's

9

interest under the lease. When Mykonos signed the settlement agreement, it not only knew of the water-leakage problems, but considered the leaks "related" to the settlement, as demonstrated by a June 2006 e-mail from Mykonos's counsel: "Where do we stand on the settlement papers[?] [On] another related issue, Mykonos has been complaining . . . that the roof is leaking into the restaurant . . . ."

In this lawsuit, Mykonos similarly maintains that HEB breached the lease by failing to remedy water leaks and a resulting malodor. Mykonos's petition claims that it notified HEB of the leaks in June 2006 and that the leaks continued unabated until the lease terminated in August 2007. By Mykonos's own admission, its claims arise from facts known to it before it signed the release. The facts forming the basis of the current lawsuit—i.e. HEB's failure to repair water leaks—relate to the leased premises and the facts of the 2006 lawsuit. Accordingly, we conclude that Mykonos's claims in this lawsuit fall within the subject matter of the release. Because the 2006 release extinguished Mykonos's current claims against HEB, the trial court properly granted summary judgment. *See Keck*, 20 S.W.3d at 698.

Mykonos responds that its claims concern damages that arose after it executed the release. Although Mykonos's suit seeks damages from 2006 to 2007, its breach-of-contract claim derives from allegations that HEB failed to timely repair the water-leakage problems that Mykonos first complained of in 2005 and again complained of during settlement negotiations in 2006. *Cf. Keck*, 20 S.W.3d

10

at 698–99 (release did not apply to claims based on facts arising after date of execution). Mykonos offers no evidence to demonstrate that its current claims are different from the concerns it raised to HEB in June 2006.

## Conclusion

We conclude that HEB established the affirmative defense of release. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

11